IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01281-NYW-TPO

JASON HAUBENREISER;

Plaintiffs,

v.

ABACUS CAPITAL GROUP, LLC;
AMFP V CENTRAL PARK, LLC;
MICHAEL SARNO;
SAKO AND PARTNERS LOWER HOLDINGS, LLC;
ASSET LIVING, LLC;
MICHAEL S. MCGRATH;
M. RYAN MCGRATH; and
SHANNA MARTINEZ,

Defendants.

---

**RECOMMENDATION AND ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before the Court upon Defendants' Sako and Partners Lower Holdings, LLC, Asset Living, LLC, Michael S. McGrath, M. Ryan McGrath, and Shanna Martinez's Motion to Dismiss [ECF 23].[1] Defendants AMFP V Central Park, LLC and Michael Sarno seek leave to join the Motion to Dismiss.[2] *See* ECF 38. Having reviewed the relevant briefing, the First Amended Complaint (FAC) [ECF 21], the related cases currently before this Court, and the applicable legal authority, this Court finds that neither oral argument nor additional briefing would materially assist in issuing this Recommendation. As explained herein, this Court respectfully **orders** that Defendant AMFP V Central Park and Michael Sarno's Notice/Motion to Join [ECF

[1] U.S. District Judge Nina Y. Wang referred this Motion to the undersigned. ECF 25.

[2] Judge Wang also referred this Motion to the undersigned. ECF 39.

38] be **granted** and **recommends** that Defendants' Sako and Partners Lower Holdings, LLC, Asset Living, LLC, Michael S. McGrath, M. Ryan McGrath, and Shanna Martinez's Motion to Dismiss [ECF 23] be **granted**.

## FACTUAL BACKGROUND[3]

Plaintiff resides at the Avantus Apartments ("the Property"), a residential apartment building located in Denver, Colorado. ECF 21 at 2. Defendants are owners and/or managers of the building.[4] *Id*. Plaintiff's lawsuit stems from numerous alleged violations of "basic habitability needs" by Defendants as well as Defendants' "knowing and flagrant violation of multiple state, local, and federal laws." *Id*. The present lawsuit is one of several that have been filed in this district on behalf of residents of the same apartment building, all plaintiffs bringing their claims against either the owners/managers of the apartment building or against the City and County of Denver and its agents. *See Daniel Miller, et al*. *v. Asset Living, LLC*, *et al*., No. 1:24-cv-2687-NYW-TPO, *Katie Johnson, et al. v. Abacus Capital Group, LLC, et al.*, No. 1:25-cv-00219-NYW-TPO; *Jason Haubenreiser v. City and County of Denver*, *et al*., No. 1:24-cv-02399-NYW-TPO. The present lawsuit was once joined together with the *Miller* matter until, on April 1, 2025, the one lawsuit was severed into two. *See Miller*, No. 1:24-cv-2687-NYW-TPO, at ECF 107.

[3] The Court takes the well-pled facts found in Plaintiffs' First Amended Complaint (FAC) and presumes they are true for the purposes of this Recommendation. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)); *see also Boulter v. Noble Energy*, 521 F. Supp. 3d 1077, 1082 (D. Colo. 2021) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). Based on this Court's findings, however, the Court need not summarize the many facts provided by Plaintiff in the FAC in detail.

[4] Plaintiff alleges that the property is "owned by Defendant Abacus Capital Group, LLC, through its Colorado shell entity, AMFP V Central Park, LLC; and their shared agent, Michael Sarno." ECF 21 at 2. He also alleges that the owners had "authorized and appointed co-Defendants Sake and Partners Lower Holdings, LLC; Asset Living, LLC; their owners Michael S. Mcgrath; M. Ryan Mcgrath; and managers such as Shanna Martinez." *Id*.

## LEGAL STANDARDS

### I. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). This same leniency is not normally extended to pro se litigants that are disbarred attorneys. *McNamara v. Brauchler*, 570 F. App'x 741, 743 n.2 (10th Cir. July 1, 2014) ("the purpose behind affording a liberal construction to *pro se* filings—which is to assure adequate review of claims brought by non-legally trained individuals—would not be furthered by construing [a disbarred attorney's] filings liberally."); *see Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) (citations omitted) (noting liberal construction of *pro se* pleadings "need not be extended to licensed attorneys"); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (finding no abuse of discretion to deny pro litigants that were practicing attorneys any special consideration); *Lampkin-Asam v. Volusia Cnty. School Bd.*, 261 Fed. App'x 274, 277 (11th Cir. 2008) (finding it not in error for a district court to hold a pro se litigant to a higher standard when the litigant is a disbarred attorney); *Polidi v. Bannon*, 226 F. Supp. 3d 615, 616 n.1 (E.D. Va. 2016) (gathering cases); *Gold v. Poccia*, No. 17-104WES, 2018 WL 5288729, at *1 n.2 (D. R.I. June 29, 2018) (citations omitted). Allowing liberal pleadings for a pro se litigant is due to the litigant's lack of legal training, a privilege not extended to those individuals that are or were attorneys. *See Polidi*, 226 F. Supp. 3d at 616 n.1 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).

### II. Fed. R. Civ. P. 8

Pleadings stating a claim must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against them so that they may respond, and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Tunson-Harrington v. Arthur*, No. 23-cv-00716-LTB-KLM, 2023 WL 4882730, at *2 (D. Colo. June 27, 2023) (citing *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Plaintiff must allege, in a clear, concise, and organized manner, what each named defendant did to him, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests." *Tunson-Harrington*, 2023 WL 4882730, at *2 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007)). "[P]rolix, vague, or unintelligible pleadings violate the requirements of Rule 8." *Davalos v. Gossett*, No. 22-cv-0191-LTB-GPG, 2022 WL 18457304, at *3 (D. Colo. Dec. 5, 2022).

## III. Fed. R. Civ. P. 11

Rule 11 states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation and discovery;

Fed. R. Civ. P. 11(b)(1)-(3). Courts will evaluate an attorney's conduct "under a standard of objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (citing *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015)).

**ANALYSIS**

*Fed. R. Civ. P. 8*

The Court begins its analysis of Plaintiff's claims under Fed. R. Civ. P. 8. The Court has already analyzed one of Plaintiff's complaints in a related case using this same Rule,[5] ultimately finding that it "fail[ed] to meet even the low bar of Fed. R. Civ. P. 8." *See Haubenreiser*, No. 1:24-cv-02399-NYW-TPO, ECF 59 at 10 (citing *Nasious*, 492 F.3d at 1161). In that pleading, the Plaintiff brought a total of *299 claims*.[6] *See id.* (citing No. 1:24-cv-02399-NYW-TPO, ECF 33). The Court also found that "[a]s it relates to the large majority of the claims, Plaintiffs fail[ed] to state any factual basis for any particular Plaintiff to be able to demonstrate a plausible claim against any specific Defendant." *Id.*

[5] Although the Court liberally construed Plaintiff's pleadings in the related case, Plaintiff is a disbarred attorney, *see People v. Haubenreiser*, 23PDJ003, 2023 WL 4678677, at *1 (Colo. O.P.D.J. July 21, 2023), so he is not entitled to the leniency that ordinarily is afforded to *pro se* litigants untrained in the law. *See McNamara*, 570 F. App'x at 743 (citing *Mann*, 477 F.3d at 1148 n.4).

[6] This Court arrived at this calculation by multiplying the total number of Plaintiffs on each claim by the total number of Defendants on each claim and then adding them together.

Many of the same issues that plagued Plaintiff's related complaint are also present here. First, Plaintiff brings 31 claims, all of which are brought against all Defendants, for a total of *248 claims*.[7] Second, Plaintiff uses conclusory language to cast a wide net of liability against multiple Parties for the same violations. To illustrate the point, in Claim Two, the first federal claim in Plaintiff's FAC,[8] Plaintiff includes a paragraph entitled "Nexus to Specific Defendants." ECF 21 at 18. In it, he states: "Asset Living, LLC, Shanna Martinez, Michael S. McGrath, and M. Ryan Mcgrath were the managing agents responsible for day-to-day decisions, including ignoring Plaintiff's formal ADA and FHAA accommodation requests and actively retaliating against him for asserting his rights." ECF 21 at 18. This statement alone is problematic: it is conclusory and fails to provide any factual support that any specific Defendant ignored an accommodation request from Plaintiff or retaliated against him for asserting his rights. Within the same claim, Plaintiff also alleges:

> Abacus Capital Group, LLC, AMFP V Central Park, LLC, and Michael Sarno, as owners and policy-setters, were notified through internal reports, resident communications, and contractor estimates of the lack of accessibility and failure to provide reasonable accommodations. Despite this, they failed to intervene or allocate funding to correct the discriminatory conditions, making them liable under theories of direct and vicarious liability.

Plaintiff fails to provide any factual support for when and how each Defendant was notified and how each Defendant failed to intervene. As a result, Defendants are left not knowing what Plaintiff alleges them to have done, and the Court is left wondering whether there is a reasonable likelihood that Plaintiff could muster the necessary facts to prove his claim against any of the Defendants.

---

[7] Plaintiff brings 31 claims against all eight Defendants, resulting in a total of 248 claims.

[8] Plaintiff brings a total of five federal claims. The remaining 26 claims are under Colorado law.

Finally, the format of Plaintiff's FAC compounds the confusion. Plaintiff's Introduction, Background, Parties, and Factual Statement Sections total 16 pages, all single spaced. ECF 21 at 1-16. Plaintiff fails to number any paragraph and, perhaps more troubling, fails to link the claims to any specific factual assertions made previously in the pleading. *See id*. As a result, the Parties and the Court are left to guess which facts pertain to each claim, a true sign of an improper "shotgun pleading." *See Hart v. Salois*, 605 Fed. App'x 694, 701 (10th Cir. 2015) (affirming district court's dismissal of a similar pleading).

Because of the fundamental pleading deficiencies, and the narrow scope of Defendants' Motion, the Court need not address any of the claims substantively.[9] Like many of the cases that address fundamental deficiencies of this sort, the dismissal will be without prejudice. *See Davalos*, 2022 WL 18457304, at *4; *Rosa v. Roybal,* No. 23-cv-00983-KLM, 2023 WL 12130900, at *3 (D. Colo. May 24, 2023).

*Fed. R. Civ. P. 11*

The Court ends its analysis with a discussion of Rule 11. Under the Rule, the Parties to a lawsuit, especially those Parties that are or were attorneys, must take certain steps *before* submitting claims before the Court. *See* Fed. R. Civ. P. 11(b). One requirement is that a party must conduct "an inquiry reasonable under the circumstances" prior to the filing of any claim. *Id*. A second requirement is that after such reasonable inquiry, the party may only bring claims that are "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing

[9] However, the Court encourages Plaintiff to review this Court's Recommendation, ECF 164, adopted by Judge Wang, ECF 168, in *Miller*. No. 1:24-cv-02687-NYW-TPO. There, this Court undertook more of a substantive analysis of the claims and recommended the dismissal of plaintiffs' similarly pleaded claims under the Americans with Disabilities Act (ADA), Colorado Consumer Protection Act, Denver Municipal Code, and "Colorado CARES Act," some of which were with prejudice. ECF 164.

existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "[A] pleading containing both frivolous and nonfrivolous claims may violate Rule 11." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1158 (10th Cir. 1991). The Supreme Court has given "extreme deference" to the district courts to determine whether there has been a violation of Rule 11. *Id*. at 1159.

The Court does not find Plaintiff has violated Rule 11 at this point. However, the Court cautions Plaintiff against continuing with a strategy of pleading claims by numerosity rather than by merit. More is not necessarily the merrier. And if Plaintiff is going to plead a claim against more than one Defendant, especially against multiple business entities, then Plaintiff should identify those Defendants that are meant to be included in the claim and also include a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief" *as to each Defendant*. *See* Fed. R. Civ. P. 8(a)(2). And if the Court determines that Plaintiff's Second Amended Complaint contains a significant number of frivolous claims,[10] including those claims supported only by conclusory allegations with no factual support, the Court will entertain a Motion from Defendants under Rule 11.

## **CONCLUSION**[11]

[10] "The presence of a single frivolous or groundless claim . . . may not always mandate Rule 11 sanctions." *Dodd Ins. Servs*., 935 F.2d at 1158.

[11] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of

Based on these proposed findings, this Court **ORDERS** that Defendants AMFP V Central Park, LLC and Michael Sarno's Notice of Joinder in Motion to Dismiss [ECF 38] is **GRANTED**.[12]

This Court also **RECOMMENDS** that Defendants Sako and Partners Lower Holdings, LLC, Asset Living, LLC, Michael S. McGrath, M. Ryan McGrath, and Shanna Martinez's Motion to Dismiss [ECF 23] be **GRANTED**, and Plaintiff's First Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Finally, this Court recommends that Plaintiff be allowed 14 days from the issuance of the District Court Judge's Order to file a Second Amended Complaint, without the need to seek the Court's leave, that will become the operative pleading. This Court advises Plaintiff—for the last time—that any further amendment which fails to satisfy Fed. R. Civ. P. 8 and 15 or fails to cure deficiencies identified herein or by Judge Wang may result in this Court recommending dismissal with prejudice.

---

the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review Magistrate Judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of Magistrate Judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal certain portions of Magistrate Judge's orders by failing to object to those portions); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

[12] The Court notes that Plaintiff did not file a response to the Notice and therefore it is taken as unopposed.

DATED at Denver, Colorado, this 24th day of August, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge